# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2016

Lyle W. Cayce
Clerk

JOSE GUADALUPE MAGDALENO-ALCALAN,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 891 320

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.
PER CURIAM:*

Jose Guadalupe Magdaleno-Alcalan (Magdaleno), a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals's (BIA's) decision dismissing his appeal of the immigration judge's (IJ's) removal order. The IJ denied Magdaleno's claims for the withholding of removal under the Immigration and Nationality Act (INA) and relief under the Convention Against Torture (CAT). We review both the decision of the BIA and that of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60370

IJ. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Legal conclusions are reviewed de novo, and findings of fact are reviewed for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

Magdaleno first argues that the IJ erred in rejecting his claims of membership in a particular social group of "natives who have become strangers." We find merit in the Respondent's contention that Magdaleno did not exhaust his administrative remedies with respect to this claim because he failed to raise it before the BIA. *See Dale v. Holder*, 610 F.3d 294, 298-301 (5th Cir. 2010). However, even if this court were to address his argument, Magdaleno would not be entitled to relief because has not shown that he will be singled out for persecution on account of his membership in his perceived social group. *See Orellana-Monson*, 685 F.3d at 518; *see also Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994) (concluding that petitioner failed to show the "particularized connection" between his fear of harm and his nationality).

Magdaleno also maintains that he will be persecuted, at least in part, on account of his family membership. As noted by the BIA, Magdaleno failed to establish that the violence against his family members was based on anything more than random criminality. *See Eduard v. Ashcroft*, 379 F.3d 182, 191-92 (5th Cir. 2004). Magdaleno's newfound assertions of "payback" and retaliation are not founded in the record and are entirely speculative. Accordingly, he has failed to put forth compelling evidence establishing that the BIA erred in rejecting his claim for withholding of removal. *See Orellana-Monson*, 685 F.3d at 518.

Magdaleno's claim that neither the IJ nor the BIA properly addressed his claims under the CAT are without merit. Both the IJ and the BIA cited the "more likely than not" standard applicable to Magdaleno's claim under the CAT, and both determined that Magdaleno failed to put forth evidence which

No. 15-60370

met that standard. *See Garcia v. Holder*, 756 F.3d 885, 891 (5th Cir. 2014). Magdaleno's unsupported contentions are insufficient to meet the standard required to obtain relief under the CAT. *See* 8 C.F.R. § 208.16(c)(2).

PETITION DENIED.